UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-204** |
| **TYRONE BOVIA** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Tyrone Bovia's Motions for Sanctions for Failure to Comply with *Giglio* (Doc. 1377). For the following reasons, the Motion is **DENIED**.

This matter arises out of alleged gang activity by a criminal organization known as the "Byrd Gang" in and around New Orleans, Louisiana, between January 2014 and August 2021. Twenty-one defendants were initially charged in this matter and only Terran Williams, Javonta Doleman, and Tyrone Bovia remain for trial. Each Defendant is charged with a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy, a drug trafficking conspiracy, a firearms conspiracy, murder in aid of racketeering, and causing death through the use of a firearm. The RICO charge lists 50 Overt Acts, including instances of drug distribution, firearm possession, arrests, shootings, and murders. Relevant to this Motion is Overt Act 18, which charges that:

> On or about July 18, 2016, defendants, TYRONE BOVIA, a/k/a "Sixx," and JAVONTA DOLEMAN, a/k/a "Dutt," were at an

1

apartment in Harvey, Louisiana on Tensas Drive with several other individuals while in possession of numerous semi-automatic handguns.

The Court held an evidentiary hearing on a Motion to Suppress this Overt Act on February 14, 2025, and the Government called Jefferson Parish Sheriff's Officer Kenneth Bonura to testify. The Court ultimately denied the Motion to Suppress based on Officer Bonura's testimony.

Defendant contends that after the hearing she became aware of a fatal force incident involving Officer Bonura that resulted in a pending civil rights lawsuit. Defendant argues that that this information was favorable and material to Officer Bonura's credibility and should have been turned over prior to the suppression hearing in compliance with *Giglio*. He moves to strike Overt Act 18 as a sanction for the Government's violation of *Giglio*.

In response, the Government has represented that the incident in question was not disclosed by the Jefferson Parish Sheriff's Office in its *Giglio* request as to Officer Bonura. It also represents that the FBI investigated the event and closed the investigation without finding a criminal violation. In addition, neither the U.S. Attorney's Office nor the Orleans Parish District Attorney's Office brought charges as a result of the fatal force incident. Accordingly, the event resulted only in a civil lawsuit that remains pending.

*Giglio* requires the Government to disclose evidence that is material and that effects the credibility of a government witness.[1] "Such evidence may include, among other things, an 'accurate and complete' picture the witness's plea agreement with the Government, specific instances of conduct tending to

---

[1] Giglio v. United States, 405 U.S. 150, 154 (1972).

reflect on the witness's character for truthfulness, or evidence that the witness was convicted of certain crimes."[2] Defendant has not shown how a pending civil action arising out of a fatal force incident meets this standard, especially where no criminal violation was found. Indeed, there is no concern that Officer Bonura testified favorably to the Government because of an ongoing criminal investigation and nothing about the underlying force incident or the pending civil action implicates his character for truthfulness.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 28th day of March, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] United States v. Jones, No. EP-09-CR-1567-FM, 2011 WL 13205773, at *2 (W.D. Tex. Mar. 18, 2011).